UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMUL CHHENG, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>U.S. DEPT. OF HOMELAND SECURITY,<br><br>  Defendant. | Case No. 21-cv-03223-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTION FOR ISSUANCE OF GENERAL ORDER NO. 61 PROCEDURAL ORDER**<br><br>Re: Dkt. No. 12 |

The Court is in receipt of Defendant's administrative motion seeking issuance of a General Order 61 Procedural Order. (Dkt. No. 12.) Defendant's motion is GRANTED. This action seeks a writ of mandamus regarding immigration benefits filed pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq. As such, the following schedule applies:

1. Defendant shall serve and file an answer within 60 days of receipt of service of the summons and complaint.
2. Plaintiffs may file a motion for summary judgment at any time permitted by the Federal Rules of Civil Procedure and this Court's local rules, in which event the defendant may respond as permitted by the Federal Rules of Civil Procedure and this Court's local rules.
3. If Plaintiffs have not filed a motion for summary judgment within 90 days of filing the complaint, Defendant shall be the party to first file a motion for summary judgment, and Defendant must serve and file that motion within 120 days of service of the complaint.
4. Unless a motion pursuant to Federal Rule of Civil Procedure 56(d) is filed, Plaintiffs shall serve and file any opposition and/or counter-motion within 30 days of service of Defendant's motion.

5. Defendant may serve and file a reply and/or opposition within 14 days of service of Plaintiffs' opposition or counter-motion.

6. If Plaintiffs filed a counter-motion, Plaintiffs may serve and file a reply within 14 days of service of Defendant's opposition.

7. For scheduling purposes, motions shall be noticed in accordance with Civil Local Rule 7-2. If a party wishes to have the court decide the matter on the briefs and without oral argument, a party may make that request pursuant to Civil Local Rule 7-1(b).

8. Unless the court orders otherwise, no case management conference will be held, and no ADR process is required.

9. Any party who so wishes may request that the court set a case management conference, pursuant to Civil Local Rule 16-10, per the schedule in Civil Local Rule 16-2. Federal Rule of Civil Procedure 26 and Civil Local Rules 16-9 and 16-10 shall apply.

10. The Court on its own motion or on the joint request of the parties may waive any requirement of this order.

***

In addition, the Court notes that Defendant's motion states that when counsel contacted Plaintiffs, who are proceeding without counsel, regarding the motion, Plaintiffs stated that they would speak to their attorney and counsel for Defendant subsequently received a response from "John Domantay (jtdlaw@yahoo.com)" on Plaintiffs behalf.  (Dkt. No. 12 at 2.)  Mr. Domantay, however, has not entered a notice of appearance on Plaintiffs behalf nor does a Mr. Domantay appear to be admitted to practice in this District.  As such, Mr. Domantay cannot represent or speak on behalf of Plaintiffs in this action. Plaintiffs are again referred to the Legal Help Desk at (415)-782-8982 for **free** legal assistance regarding their claims.

**IT IS SO ORDERED.**

Dated: July 26, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge