UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMUL CHHENG, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>U.S. DEPT. OF HOMELAND SECURITY,<br><br>   Defendant. | Case No. 21-cv-03223-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

Nhep Chheng, a naturalized U.S. citizen, and his son Nimul Chheng, a Cambodian citizen, who are proceeding without counsel, bring this action under the Administrative Procedures Act, 5 U.S.C. § 702 et. seq. challenging the Department of Homeland Security Administrative Appeals Office's denial of Nimul Chheng's visa.[1] A Department of State consular officer in Cambodia twice denied Nimul's visa application and the Department of Homeland Security Administrative Appeals Office's subsequently denied Nimul's Form I-601 Application of Waiver for Grounds of Inadmissibility. Defendant now moves to dismiss Plaintiffs' action based on the doctrine of consular nonreviewability and for failure to state a claim. (Dkt. No. 20.[2]) Having considered the parties' briefs and the relevant legal authority, the Court GRANTS the motion to dismiss.

**BACKGROUND**

**A. Complaint Allegations**

Nhep has been attempting to bring his son Nimul to the United States from Cambodia

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 5, 11, 16.)
[2] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1  since 2008.  (Dkt. No. 1 at 3.)  Nhep is elderly and has numerous medical conditions for which he
2  requires his son's assistance.  (*Id*.)  Nimul was denied a visa "because the USCIS accused him of
3  committing Fraud because he presented a false passport to the U.S. Embassy Office in Cambodia.
4  (*Id*. at 4.)

5  Plaintiffs' Complaint attaches a December 21, 2020 decision from the Administrative
6  Appeals Office (AAO) denying Nimul's motion to reopen the denial of his I-601 waiver of
7  inadmissibility.[3]  (Dkt. No. 1-1 at 5-7.)  The AAO concluded that Nimul had not presented any
8  new facts that would warrant reopening.  (*Id*. at 6.)  According to the decision, a consular officer
9  previously found that Nimul was inadmissible (1) under 8 U.S.C. § 1182(a)(6)(C)(i) for fraud or
10 misrepresentation because he presented a false passport at the consular interview, and (2) under 8
11 U.S.C. § 1182(a)(6)(E)(i) for alien smuggling because he previously assisted his sister in
12 attempting to enter the United States unlawfully.  (*Id*.)  The AAO noted that Nimul alleged that he
13 was the victim of a scam with respect to the passport and that he had new facts concerning the
14 finding of inadmissibility based on alien smuggling, but that it could not consider those because
15 the Department of State "makes a final determination concerning his eligibility for a visa and any
16 applicable inadmissibility grounds."  (*Id.*)   Finally, the AAO found that while inadmissibility for
17 fraud or misrepresentation could be waived as a matter of discretion upon a showing of extreme
18 hardship to a United States citizen spouse or parent, Nimul was statutorily ineligible for such a
19 waiver because it was only for those whose violation of section 1182(a)(6)(E)(i) was for
20 smuggling a parent, spouse, or child—not a sibling as in Nimul's case.  (*Id*.)

21 **B. Procedural Background**

22 On January 20, 2021, Nhep and Nimul, representing themselves, filed a petition for review
23 with the Ninth Circuit Court of Appeals the denial of Nimul'a motion to reopen.  (Dkt. No. 1-1 at
24 3.)  The Ninth Circuit subsequently granted Plaintiffs' request to transfer the action to this Court
25 where it was docketed as a writ of mandamus under General Order 61.  (Dkt. No. 1 at 1.)   In their
26 mandamus, Plaintiffs allege that the Department of Homeland Security violated the APA by

---

[3] The initial application was denied on October 17, 2018.  (Dkt. No. 20-1.)

denying their right to a visa without a proper investigation. (*Id*. at 5.) Plaintiffs contend that the AAO's decision was arbitrary, capricious, and an abuse of discretion. (*Id*.) The Court granted their application to proceed in forma pauperis. (Dkt. No. 8.) Defendant now moves to dismiss under the doctrine of consular non-reviewability and for failure to state a claim. (Dkt. No. 20.) The motion is fully briefed and came before the Court for a hearing on November 4, 2021, but Plaintiffs did not appear at the hearing and the Court took the matter under submission.

## DISCUSSION

### A.     The Doctrine of Consular Non-reviewability

Courts have "have long recognized that 'ordinarily, a consular official's decision to deny a visa to a foreigner is not subject to judicial review' ... based on 'the recognition that the power to exclude or expel aliens, as a matter affecting international relations and national security, is vested in the Executive and Legislative branches of government.'" *Allen v. Milas*, 896 F.3d 1094, 1104 (9th Cir. 2018) (internal citations omitted). In *Kleindienst v. Mandel*, 408 U.S. 753 (1972), the Supreme Court "recognized a narrow exception for review of constitutional claims," but "[t]he exception itself is quite narrow, requiring deference to the consular officer's decision so long as 'that reason was facially legitimate and bona fide.'" *Allen*, 896 F.3d at 1105 (quoting *Mandel*, 408 U.S. at 769). In particular, once a consular officer presents a facially legitimate and bona fide reason for the denial, "courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against" the constitutional interests at issue. *Mandel*, 408 U.S. at 770. However, to trigger this deferential standard of review, "the denial of a visa [must] implicate[ ] the constitutional rights of American citizens." *See Cardenas v. United States*, 826 F.3d 1164, 1169 (9th Cir. 2016) (citation and internal quotation marks omitted); *see also Kerry v. Din*, 576 U.S. 86, 103–04 (2015) (Kennedy, J., concurring in the judgment) (applying the doctrine).[4]

In *Cardenas*, the Ninth Circuit held that "the facially legitimate and bona fide reason test

---

[4] While there was no majority opinion in *Din*, Justice Kennedy's concurrence is viewed as controlling. *See Allen,* 896 F.3d at 1108 ("But Justice Kennedy, joined by Justice Alito, concurred in the judgment alone, in the narrowest and thus controlling opinion in that case."). All further citations to that case in this Order therefore refer to Justice Kennedy's opinion, without further parentheticals.

has two components." *Cardenas*, 826 F.3d at 1172. "First, the consular officer must deny the visa under a valid statute of inadmissibility." *Id*. (citing *Din*, 576 U.S. at 104 (consular officer's citation to § 1182(a)(3)(B) "suffices to show that the denial rested on a determination that Din's husband did not satisfy the statute's requirements," and "the Government's decision to exclude an alien it determines does not satisfy one or more of [the statutory conditions for entry] is facially legitimate under *Mandel*")). "Second, the consular officer must cite an admissibility statute that 'specifies discrete factual predicates the consular officer must find to exist before denying a visa,' or there must be a fact in the record that 'provides at least a facial connection to' the statutory ground of inadmissibility." *Cardenas*, 826 F.3d at 1172 (quoting *Din*, 576 U.S. at 105).

**B.      The APA Claim Fails**

The government insists that Plaintiffs' challenge to the denial of Nimul's visa application is nonjusticiable for two reasons.

First, Plaintiffs bring their APA claim against the Department of Homeland Security rather than the Department of State. As a visa applicant residing in Cambodia, only a Department of State consular officer can make a final decision regarding Nimul's eligibility for a visa and any grounds of inadmissibility. *See* 8 U.S.C. § 1202(b) ("All immigrant visa applications shall be reviewed and adjudicated by a consular officer."). Thus, to the extent that Plaintiffs challenge the consular officer's visa denial(s), the proper defendant is the Secretary of State. Given that the Court liberally construes pleadings by unrepresented parties, the Court construes Plaintiffs' claim as it if were brought against the Department of State. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Second, the government insists that even if pled against the Department of State, Plaintiffs' claim fails under the doctrine of consular non-reviewability. In *Allen*, the Ninth Circuit concluded that under the doctrine of consular non-reviewability, "the APA provides no avenue for review of a consular officer's adjudication of a visa on the merits." 896 F.3d at 1108. While *Mandel* provides an exception for limited review of constitutional claims, such a claim does not arise under the APA. *See Allen*, 896 F.3d at 1108–09.

Accordingly, the doctrine of consular non-reviewability bars Plaintiffs' APA claim. The

4

1  claim is dismissed without leave to amend.

2  **C.     Leave to Amend**

3        While the Court has dismissed Plaintiffs' APA claim without leave to amend, given that Plaintiffs are unrepresented and their complaint alleges a constitutional violation—which could be viable outside the context of the APA claim—the Court must consider whether to grant leave to amend to allow Plaintiffs to plead such a claim.  Generally, if a court grants a Rule 12(b)(6) motion, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

      Leave to amend would be futile here.  First, the son, Nimul Chheng, a Cambodian citizen, "has 'no constitutional right to entry,' and so he personally has no ability to bring a cause of action challenging his denial of admission." *Khachatryan*, 4 F.4th at 849–50 (quoting *Trump v. Hawaii*, 138 S. Ct. 2392, 2419 (2018)); *see also Mandel*, 408 U.S. at 762, 92 S.Ct. 2576 ("It is clear that *Mandel* personally, as an unadmitted and nonresident alien, had no constitutional right of entry to this country as a nonimmigrant or otherwise.").

      Second, Nhep Chheng, a U.S. citizen, could bring a claim notwithstanding the doctrine of consular nonreviewability, only to the extent his claims are based on a "cognizable violation of his own constitutional rights." *Khachatryan v. Blinken*, 4 F.4th 841, 850 (9th Cir. 2021).  However, the Ninth Circuit recently held that "an adult citizen lacks a constitutionally protected liberty interest, protected by the Fifth Amendment's Due Process Clause, in the Government's decision whether to admit the citizen's unadmitted nonresident alien parent into the United States." *Id.* at 862. While *Khachatryan* involved the opposite scenario—a United States citizen son seeking to bring his foreign national father into the United States—there is no legitimate distinction that the Court can draw here.  Indeed, the *Khachatryan* court's reasoning suggests that the rationale applies equally to both scenarios as it relied on the fact that the Supreme "Court has never suggested that whatever protection applies to extended-family relationships entails a constitutionally rooted expectation that one will be allowed to bring one's parents *or adult*

5

*children* into the United States." *Id*. at 862 (emphasis added).

Accordingly, as neither father nor son have a constitutional right at stake, the doctrine of consular nonreviewability applies without exception and leave to amend would thus be futile.

Third, even if the limited exception could apply, the Court's review is limited to whether the consular officer provided a "facially legitimate and bona fide" reason for the denial. *Mandel*, 408 U.S. at 769. Under *Din*, "the Government satisfie[s] any obligation it might have...to provide [a citizen relative of a foreign visa applicant] with a facially legitimate and bona fide reason for its action when it provide[s] notice that [the applicant] was denied admission to the country under [a particular statutory provision]." *Din*, 576 U.S. at 106; *see also Trump v. Hawaii*, 138 S. Ct. 2392, 2419 (2018) (describing Justice Kennedy's opinion in *Din* as holding "that the Government need provide only a statutory citation to explain a visa denial"). The consular officer here denied Nimul's application because he was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) and 8 U.S.C. § 1182(a)(6)(E)(i). These reasons are facially legitimate as both are statutory grounds for inadmissibility. *See Bustamante v. Mukasey*, 531 F.3d 1059, 1062 (9th Cir. 2008). Further, while Nimul alleges that he was the victim of fraud because he believed he was purchasing a valid passport, he does not allege bad faith on the part of the consular officer. *Id*. (declining to remand for further factual development of the statutory basis of inadmissibility "because the complaint fails to make an allegation of bad faith sufficient to withstand dismissal."). Nor does Nimul challenge the finding of inadmissibility under section 1182(a)(6)(E)(i) for alien smuggling, which was an independent basis for the visa denial. (Dkt. No. 1-1 at 6.) To the extent that Nimul contends that new facts exist in support of his visa application, the government maintains that he can reapply to the Department of State for a visa. (Dkt. No. 27 at 6.)

## CONCLUSION

For the reasons stated above, the motion to dismiss is GRANTED without leave to amend.

//

//

//

The Court will enter judgment by separate order.

This Order disposes of Docket No. 20.

**IT IS SO ORDERED.**

Dated: November 10, 2021

                                              JACQUELINE SCOTT CORLEY
                                              United States Magistrate Judge